# DEPARTMENT OF THE ARMY

## OFFER TO SELL REAL PROPERTY

Project: <u>PF 225</u>

Tract No.: <u>RGV-FTB-1035</u>

Contract No.: <u>DACW63-6-08-0150</u>

The undersigned, hereinafter called the Vendor, in consideration of the mutual covenants and agreements herein set forth, offers to sell and convey to The United States of America and its assigns, the fee simple title to the following described land, with the buildings and improvements thereon, and all rights, hereditaments, easements, and appurtenances thereunto belonging, located in the County of Cameron, State of Texas, bounded and described as set forth in Exhibit "A" attached hereto and made a part hereof, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; subject to the following exceptions and rights outstanding in third parties:

    The fee Simple estate to be conveyed and referenced above shall be as set forth in Exhibit "A-1", attached hereto and made a part hereof.

    The Vendor reserves only the following rights and interests in the above described property: (namely:)

<u>See Paragraph 13</u>

    The terms and conditions of this offer are as follows:

    (1) The vendor agrees that this offer may be accepted by the United States through any duly authorized representative, by delivering, mailing, or electronically transmitting a notice of acceptance to the Vendor at the address stated below, at any time within six (6) months from the date hereof, whereupon this offer and the acceptance thereof become a binding contract.

    (2) The United States of America agrees to pay to the Vendor of the said land the sum of <u>Sixteen thousand and no/100</u>

1



($ 16,000 ), payable on the acceptance of this offer and approval of the Vendor's title; provided the Vendor can execute and deliver a good and sufficient general warranty deed conveying said land with the hereditaments and appurtenances thereunto belonging to The United States of America and its assigns, in fee simple, free and clear from all liens and encumbrances, except those specifically excepted or reserved, above, together with all right, title, and interest which the Vendor may have in the banks, beds, and waters of any streams bordering the said land to be conveyed, and also all interest in alleys, roads, streets, ways, strips, gores, or railroad rights-of-way abutting or adjoining said land and in any means of ingress or egress appurtenant thereto.

(3) It is agreed that the United States will defray the expenses incident to the preparation and recordation of the deed to The United States and the procurement of the necessary title evidence.

(4) The Vendor agrees to satisfy of record at or before the transfer of title, all encumbrances and special assessments which are a lien against the land, as the United States may require, and to pay the pro rata portion of all taxes on the property which are allocable to a period prior to and including the date of vesting title in The United States, or the effective date of possession of such real property by The United States, whichever is the earlier, and, if the Vendor fails to do so, the United States may pay any taxes, assessments, and encumbrances which are a lien against the land; that the amount of any such payments by the United States shall be deducted from the purchase price of the land; and that the Vendor will, at the request of the United States and without prior payment or tender of the purchase price, execute and deliver a general warranty deed to The United States and obtain and record such other curative evidence of title as may be required by the United States.

(5) The Vendor agrees that loss or damage to the property by fire or acts of God shall be at the risk of the Vendor until the title to the land and deed to The United States have been accepted by the United States through its duly authorized representative or until the right of occupancy and use of the land, as hereinbelow provided for, has been exercised by The United States; and, in the event that such loss or damage occurs before the risk of loss has passed to the United States, the United States may, without liability, refuse to accept conveyance of the title or it may elect to accept conveyance of title to such property, in which case there shall be an equitable adjustment of the purchase price.

(6) The Vendor agrees that the United States may, notwithstanding the prior acceptance of this offer, acquire title to said land in the name of the United States by condemnation or other judicial proceedings, in which event the Vendor agrees to cooperate with the United States in the prosecution of such proceedings; agrees that the consideration hereinabove stated shall be the full amount of just compensation, inclusive of interest, for the taking of said land; agrees that the consideration recited in paragraph 2 hereof constitutes the full amount of the compensation for the land and shall be pro rated among all persons having an interest in this property as their

2

respective interests may appear; and agrees that the said consideration shall be in full satisfaction of any and all claims of the Vendor for payment for the right of occupancy and use hereinafter provided for in paragraph 7.

(7) The Vendor hereby grants to The United States the right of immediate occupancy and use of the land for any purpose whatsoever from and after the acceptance by the United States of this offer until such time as said land is conveyed to The United States and, upon demand, the Vendor will immediately vacate the property and deliver possession to The United States.

(8) It is agreed that the spouse, if any, of the Vendor, by signing below, agrees to join in any deed to The United States and to execute any instrument deemed necessary to convey to The United States any separate or community estate or interest in the subject property and to relinquish and release any dower, curtesy, homestead, or other rights or interest of such spouse therein.

(9) The Vendor represents and it is a condition of acceptance of this offer that no Member of or Delegate to Congress, or Resident Commissioner, shall be admitted to or share any part of this agreement, or to any benefits that may arise therefrom; but this provision shall be not construed to extend to any agreement if made with a corporation for its general benefit.

(10) The terms and conditions aforesaid are to apply to and bind the heirs, executors, administrators, successors, and assigns of the Vendor.

(11) All terms and conditions with respect to this offer are expressly contained herein and the Vendor agrees that no representative or agent of the United States has made any representation or promise with respect to this offer not expressly contained herein.

(12) The consideration amount in this Offer To Sell, whether accepted by the United States or not, will be considered null and void by the Vendor and Vendee, if, after an environmental examination, the Vendee discovers within any portion of the property any CERCLA-regulated contaminants, or other materials and objects of any kind, which Vendee determines to negatively impact the value of the property or suitability for the Project. Notice of such negative impact determination will be provided to Vendor in writing.

(13) The Vendor reserves the following rights and interests in the property being acquired by the United States and described herein: a perpetual right-of-way on both sides of the Federal border barrier for the purpose of gaining access to Vendor's land on the other side of the border barrier; and, the United States grants to the Vendor a perpetual right-of-way across other lands of the United States along and on both sides of the border barrier to reach and utilize the nearest border barrier gate for the purpose of crossing over the levee and accessing Vendor's lands on the other side. This

reservation and grant does not create any new rights to traverse any part of the levee, and does not change the nature of any such rights, if any, which may now exist. The purpose of this provision is to clarify that the United States is not prohibiting access to Vendor's remaining lands between the border barrier and the Rio Grande River, but is providing a permanent right-of-way to Vendor and all landowners similarly situated to access the nearest border barrier gate which allows entry to the other side of the border barrier from which unacquired land can be accessed.

SIGNED, SEALED, AND DELIVERED this __6__ day of __May__ , 20__08__

_Carlos R. Reyes_

NOTICE OF ACCEPTANCE OF THIS OFFER IS TO BE SENT TO:

_4650 North Central Ave Brownsville, Tx 78526_
(Name and Address)


ACCEPTANCE OF OFFER TO SELL REAL PROPERTY

Date: __5/17/08__

The offer of the Vendor contained herein is hereby accepted for and on behalf of the United States of America.

HYLA J. HEAD
Chief, Real Estate Division

4

## EXHIBIT A
## LEGAL DESCRIPTION

Cameron County, Texas

Tract: RGV-FTB-1035          Owner: Carlos Rene Reyes          Acres: 0.83

BEING a certain tract of land containing 0.83 acre, more or less, out of a 8.56 acre tract out of the Block 50, El Jardin Subdivision, Share 32, Espiritu Santo Grant, Cameron County, Texas, being more particularly described as follows:

BEING a strip of land located westerly of and running adjacent to the existing levee, being approximately 55 feet in width and approximately 778 feet in length, which severs the land of the subject owner, and contains 0.83 acre, more or less, as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a Deed from Maria P. Reyes, to Carlos Rene Reyes, dated December 31, 1980, filed for record in Volume 1217, Page 556, in the records of Cameron County, Texas.

Note: This tract is further referenced in the Cameron County Appraisal District as Property ID Nos. 135112.

Tract: RGV-FTB-1035

## EXHIBIT A-1
## FEE, EXCLUDING MINERALS

The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads and pipelines; excepting and excluding all interests in minerals and the rights appurtenant thereto.